# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5172 | **DATE** | 1/22/04 |
| **CASE TITLE** | David D. Ercoli (#952813) vs. Willie Paiva, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the plaintiff's motion for service of summons [#8] is granted. The plaintiff may proceed on Counts I and II of the amended complaint insofar as he alleges illegal searches and seizures; however, both counts are dismissed as to all other claims and as to the defendant Teune pursuant to 28 U.S.C. § 1915(e)(2)(B). Counts III and IV, along with the defendants Paiva, Rainey, Marion and Holcomb, are likewise dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service only on the defendants Kirby, Dorian, Tatgenhorst, and Vandenburgh. The clerk is further directed to send the plaintiff a Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

(11) ■ [For further details, see attached Memorandum Opinion and Order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | JAN 2.3.2004 date docketed | |
| ✓ | Docketing to mail notices. | | | | 9 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| mjm | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in Central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID ERCOLI,           )
                                   )

        Plaintiff,        )

                                   )

v.                        )   NO. 03 C 5172

                                   )

WILLIE PAIVA, et al.        )   HON. RONALD A. GUZMÁN

                                   )

        Defendants.      )

DOCKETED
JAN 2 3 2004

## MEMORANDUM OPINION AND ORDER

The plaintiff, an Indiana state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, law enforcement officials, private citizens, and the plaintiff's public defender, all conspired against the plaintiff in multiple criminal proceedings against him. By Minute Order of October 31, 2003, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to file an amended complaint. This matter is before the court for consideration of the amended complaint.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that Count I states a colorable federal cause of action against the three Lynwood, Illinois, police officers (Kirby, Dorian, Tatgenhorst) who allegedly "kidnapped" the plaintiff and searched and seized his car, all without the plaintiff's permission, a search or arrest warrant, or probable cause.

However, even though the related criminal charges against the plaintiff were ultimately dismissed, he has no cognizable cause of action against the officers under 42 U.S.C. § 1983 for malicious prosecution. Malicious prosecution claims are not actionable in federal court. Because the plaintiff has a state-law remedy, there is no constitutional tort for malicious prosecution.

9

*Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001). [*Newsome* does recognize that police who deliberately withhold exculpatory evidence, and thus prevent the prosecutors from complying with *Brady v. Maryland*, 373 U.S. 83 (1963), violate the Due Process Clause. *Newsome*, 256 F.3d at 751, citing *Jean v. Collins*, 221 F.3d 656 (4th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1076 (2001). However, there is no such allegation in the case at bar.]

Nor can the plaintiff sue the defendants in federal court for auctioning off his vintage car. An unauthorized, intentional deprivation of property by a state actor does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). The Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss. The plaintiff may also file an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the loss of the plaintiff's property does not provide for recovery under § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

The complaint must also be dismissed as to the defendant Teune, a co-defendant in that case, who ( the plaintiff claims) wrongfully implicated him in the charges that were dismissed in October 2002. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 595 (7th Cir. 1986); *Reichenberger v. Pritchard*, 660 F.2d 280, 284 (7th Cir. 1981). In telling the police about the plaintiff's involvement in the crime for

which the two were arrested, Teune was neither acting under color of state law nor violating the plaintiff's constitutional rights.

Even if Teune was lying, the mere fact that he talked to police cannot be fairly characterized as part of a "conspiracy." While private parties who conspire with state actors to deprive an individual of his or her constitutional rights may be sued under 42 U.S.C. § 1983, *see Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2001), Teune's cooperation with the police is insufficient to support an inference that he reached an understanding with them to violate the plaintiff's constitutional rights. If the court were to hold otherwise, every informant or co-defendant who made a deal with prosecutors could be liable under the Civil Rights Act.

Turning to Count II, accepting plaintiff's allegations as true, the court finds that the complaint states a viable constitutional claim against the three Illinois police officers named above as well as the defendant Vandenburgh, a Schererville, Indiana, police sergeant. The plaintiff's claims that the defendants conducted a search of the plaintiff's room without probable cause or a search warrant is actionable under 42 U.S.C. § 1983. While a more fully developed record may belie the plaintiff's claims—indeed, it strikes the court as inconsistent for the plaintiff to claim both that the police had no search warrant and that Vandenburgh lied on his affidavit of probable cause—the defendants must respond to his allegations.

Count III is dismissed in its entirety. The plaintiff claims that letters he wrote to his brother concerning a criminal case were intercepted by his brother's landlords (the defendants Paiva and Rainey), who turned the letters over to Teuene's fiancée (the defendant Marion), who gave them to Teune, who passed them to the police. The plaintiff contends that in doing so, the defendants "openly and tacitly conspired to violate plaintiff's civil rights." The court disagrees.

3

As noted above, private actors may be found to act under color of state law when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights. *Case, supra, citing Adickes v. S.H. Kress and Company*, 398 U.S. 144, 152 (1970). But "[i]n order to establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Case*, 327 F.3d at 567 (citations omitted). It may be that Teune's friends violated the law in stealing mail belonging to the plaintiff's brother [they apparently explained that the mail arrived at their house after the brother had moved away]. The plaintiff may also prevail on a motion to suppress or obtain a reversal of his conviction on the basis that illegally obtained evidence was used against him. However, there is no allegation that law enforcement officials induced the defendants to intercept the mail or otherwise acted in concert with the private actors to commit an unconstitutional act. Count III is accordingly dismissed, as are the defendants Paiva, Rainey and Marion.

Count IV, the plaintiff's "conspiracy" claim against Lake County, Indiana, public defender Noah Holcomb, must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 487 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Id.* at 490.

The plaintiff specifically states that he is not challenging his conviction. Nevertheless, the plaintiff's accusations against Holcomb would necessarily call into question the validity of his

4

criminal conviction. The plaintiff maintains that Holcomb was biased against him because the plaintiff had called Holcomb a racist name; he further alleges that Holcomb held retaliatory animus against the plaintiff for making verbal and written complaints about him. The plaintiff asserts that Holcomb intentionally sabotaged his defense, refused to file a motion to suppress the letters seized by Teune's friends, and even told the jury in closing arguments that the plaintiff was guilty of theft. [The amended complaint discusses at least two separate criminal proceedings; it is unclear what charges were pursued, which criminal proceedings relate to the four counts of the amended complaint, and what crimes the plaintiff was eventually convicted of having committed.] In short, the plaintiff's claim that Holcomb deliberately botched the plaintiff's defense and effectively contributed to his conviction is barred by *Heck*, without regard to whether Holcomb could be considered a state actor or co-conspirator with state actors.

The plaintiff's motion for service of summons is granted. The clerk shall issue summonses forthwith, but only for the defendants Kirby, Dorian, Tatgenhorst and Vandenburgh. The clerk shall further send the plaintiff a Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order.

The United States Marshal's Service is appointed to serve the defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former police officers who no longer can be found at the work address provided by the plaintiff, the Lynwood, Illinois, and Schererville, Indiana, Police Departments shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the

5

court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver

of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting

personal service.

Pursuant to Fed. R. Civ. P. 30(a)(2), the defendants are granted leave to depose the

plaintiff at his place of confinement.

The plaintiff is instructed to file all future papers concerning this action with the clerk of

court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's

copy of every document filed. In addition, the plaintiff must send an exact copy of any filing to

the defendants [or to defense counsel, once an attorney has entered an appearance on their

behalf]. Every document filed must include a certificate of service stating to whom exact copies

were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise

fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment is denied. Indigent parties in civil rights

actions who are unable to obtain an attorney may apply to the court for appointment of counsel

under 28 U.S.C. § 1915(e)(1). *See McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982).

However, civil litigants have no constitutional or statutory right to be represented by counsel in

federal court. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *Zarnes v. Rhodes*, 64

F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of

the court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In exercising its discretion, a district court is guided by several factors: (1) the merit of

the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether

the nature of the evidence indicates that the truth will more likely be exposed if both sides are

6

represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford v. Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992), *relying on Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983); *see also Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981) *(inter alia)*. "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. *DiAngelo v. Illinois Dept. of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of *pro bono* counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1072.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, there is no indication that the plaintiff has attempted on his own to retain counsel, as required by *Jackson, supra*. In any case, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. *See Merritt*, 697 F.2d at 765. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. Notwithstanding his limited formal education, the plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel will be denied.

IT IS THEREFORE ORDERED that the plaintiff is granted leave to proceed against the defendants Tatgenhorst, Kirby, Dorian and Vandenburgh on Counts I and II, but only insofar as the plaintiff complains of illegal searches and seizures. Counts III and IV, the plaintiff's

7

conspiracy claims, and the defendants Paiva, Rainey, Marion, Teune and Holcomb are all dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that the plaintiff's motion for service of summons [docket #8] is granted.

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel [docket #4] is denied.

Enter:

Ronald A. Guzmán
United States District Judge

Date: 1/22/04