

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

| | |
|---|---|
| DAVID D. ERCOLI, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WILLIE PAIVA, et al. )<br>)<br>Defendants. ) | No. 03 C 5172<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiff David D. Ercoli ("Ercoli"), formerly an inmate in the Indiana Department of Corrections at Greencastle, Indiana, has brought this *pro se* action pursuant to 42 U.S.C. § 1983. He alleges that defendant Brian VanDenburgh ("VanDenburgh") illegally seized his "private property" from his room/residence without a warrant or probable cause. Defendant VanDenburgh has filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 56 for summary judgment.[1] Although given several extensions of time, Ercoli has not responded to the motion. For the following reasons, the Court grants VanDenburgh's motion for summary judgment and dismisses this action in its entirety with prejudice.

### Legal Standard

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[1] Defendant Brian VanDenburgh is the last remaining defendant in this action. Defendants Willie Paiva, Jennifer Rainey, Jacklyn Marion, Noah L. Holcomb, Jr., and Gary Teune were dismissed from this action on initial review on January 22, 2004. Defendants Daniel Kirby, Brian Dorian, and Dennis Tatgenhorst's motion for summary judgment was granted on July 1, 2005, and they were dismissed from this action.

any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Lewis v. Holsum of Ft. Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002) ("If the nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law because 'a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial.'" (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To present a genuine issue of material fact, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Id.* at 324.

Because Ercoli failed to respond to the motion for summary judgment, all material facts averred by VanDenburgh are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). However, the motion will only be granted if VanDenburgh demonstrated that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

## Background

The following facts are drawn from VanDenburgh's Local Rule 56.1 Statement of Uncontested Facts. On August 16, 2001, Investigator Kirby of the Lynwood Police Department contacted VanDenburgh, a detective with the Schererville Police Department, regarding information which he received from Gary Teune ("Teune"). (*See* Undisputed Fact. No. 8.) Teune, who had been arrested by the Lynwood Police Department on an unrelated charge, volunteered to Investigator Kirby that he knew where parts of Harley Davidson motorcycles were which had been stolen from the Quest Lounge in Schererville on or about June 15, 2001. (*See* Undisputed Fact No. 9.) Investigator Kirby informed VanDenburgh that Teune would consent to a search of his residence at 1541 Aberdeen Street in Chicago Heights where Ercoli also resided. (*See* Undisputed Fact No. 10.)

Investigator Kirby informed VanDenburgh that Teune had provided him with this statement after being advised of his civil and constitutional rights in which he confessed that he and Ercoli stole a red/white Harley Davidson Heritage motorcycle. (See Undisputed Fact No. 11.) Specifically, Teune confessed that he assisted Ercoli with moving the stolen motorcycle into Ercoli's van. (*See* Undisputed Fact No. 12.) Teune stated to Investigator Kirby that subsequent to the theft, Ercoli emptied the contents from the saddlebags on the motorcycle at their residence which included a padlock, which was thrown into the weeds next to the garage, a pager with a keyboard, a cell phone, and a helmet cover. (*See* Undisputed Fact No. 13.) Further, Teune indicated that Ercoli removed two chrome forked tube covers and placed them into the garage at the residence. (*See* Undisputed Fact No. 14.)

Accordingly, VanDenburgh met Investigator Kirby, Officer Dorian, Officer Tatgenhorst, and Teune at the Lynwood Police Department. (*See* Undisputed Fact No. 15.) They then traveled to the

3

residence where Teune and Ercoli resided, 1541 Aberdeen Street in Chicago Heights. (*See* Undisputed Fact No. 16.) There is no evidence or allegation that Ercoli was present during the search of the 1541 Aberdeen Street residence. (*See* Undisputed Fact Nos. 16, 18.) Teune, a resident at that location, and Rainey, the landlord of 1541 Aberdeen Street, consented to a search of the residence and specifically the garage and common areas. (*See* Undisputed Fact No. 17.) Ercoli and Teune, as co-residents, shared common areas, including the garage. (*See* Undisputed Fact No. 19.)

The officers searched the garage, common areas, and areas around the house. They found a Harley Davidson padlock outside the garage near the garbage can. (*See* Undisputed Fact No. 19.) The keys that VanDenburgh had received from the owner of the stolen motorcycle fit the padlock. (*See* Undisputed Fact No. 24.) Inside the garage, the officers found two forked tube covers and a helmet cover. (*See* Undisputed Fact No. 21.) Moreover, an inventory search of Ercoli's car, which was also in the garage, revealed a pager that also belonged to the owner of the stolen motorcycle. (*See* Undisputed Fact Nos. 22 & 23.)

### Discussion

**A. Ercoli's Warrantless Search Claim as to His Residence and Personal Property**

Ercoli claims that VanDenburgh searched his residence and removed various items of personal property without a warrant or probable cause.

The Fourth Amendment generally prohibits search and seizures performed without a warrant; however, there is an exception when someone with actual or apparent authority consents to searches or seizures. *United States v. Aghedo*, 159 F.3d 308, 310 (7th Cir. 1998). "The consent of one who possesses common authority over [the] premises . . . is valid as against absent, non-consenting

person with whom that authority is shared." *United States v. Matlock*, 415 U.S. 164, 170 (1974). Under the Fourth Amendment, consent to search may be obtained from any person who has common authority over the property. *United States v. Booker*, 981 F.2d 289, 294 (7th Cir. 1992).

In the instant case, Teune, as a co-resident, had actual or apparent authority to consent to a search of the 1541 Aberdeen Street residence. Teune authorized all of the officers to search the garage and common areas. All evidence seized came from the garage, common areas or from areas outside of the residence. Ercoli was not present and could not dispute whether or not consent was given or from where the officers seized evidence.

Accordingly, the Court finds that because a person with actual or apparent authority consented to the search and there is no evidence that VanDenburgh seized any evidence from Ercoli's room, no Fourth Amendment violation occurred with respect to a search or seizure of evidence.

## B. Ercoli's Warrantless Search Claim as to the Garage and Common Areas

Ercoli claims that VanDenburgh searched the garage and other common areas without a warrant or probable cause. As noted above, however, VanDenburgh had Teune's consent to search. Once that consent was obtained, VanDenburgh needed neither probable cause nor a warrant for the search. *See United States v. Navarro*, 90 F.3d 1245, 1254 (7th Cir. 1996) ("The search required either a warrant, consent to search, or probable cause to believe the truck contained drugs; once probable cause was found for the warrantless search, consent was unnecessary.")

Moreover, though VanDenburgh did not need it for the search, probable cause plainly

5

existed.[2] Probable cause is evaluated on the facts as they would appear to a reasonable person in the position of the arresting officer. *Marshall v. Teske*, 284 F.3d 765, 770 (7th Cir. 2002). In determining whether probable cause existed, the court looks at the totality of the circumstances. *United States v. Soklow*, 490 U.S. 1, 8 (1999). A police officer's observations and personal knowledge are sufficient to establish probable cause. *See Foreman v. Richmond Police Dep't*, 104 F.3d 950, 961 (7th Cir. 1997). Law enforcement officers are entitled to rely on reasonable information relayed to them. *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001). Where officers are communicating with one another, the knowledge of one officer can be imputed to other officers under the collective knowledge doctrine. *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000).

In the instant case, Teune provided Investigator Kirby not only with consent, but with facts from which a reasonable person would conclude that a crime had been committed and that evidence of that crime would be found at 1541 Aberdeen Street. Specifically, Teune told Kirby that Teune's co-resident, Ercoli, had stolen a motorcycle from Schererville, and that parts of the motorcycle could be found in the garage or common areas at 1541 Aberdeen Street. Subsequently, Investigator Kirby informed VanDenburgh of the same. Accordingly, Teune provided the officers with information on which they could reasonably rely since Teune had confessed and implicated Ercoli. Because a reasonably prudent person would believe that a crime had been committed and evidence of that crime was in the garage or common areas of 1541 Aberdeen Street, VanDenburgh had probable cause for the search.

---

[2]Determining whether or not probable cause existed is a question of law when the relevant material facts leading up to the arrest or search are not in dispute. *Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003).

6

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine issue of material fact as to plaintiff's claims against VanDenburgh. VanDenburgh's motion for summary judgment [doc. no. 66] is, therefore, granted. This action is dismissed with prejudice in its entirety.

**SO ORDERED.**  ENTERED: March 21, 2006

**HON. RONALD A. GUZMAN**
**United States District Judge**